LEISY BREWING CO. v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1915.)

No. 4401.

1. STATES ⬤⇒9—ADMISSION TO UNION—CONDITIONS—INTRODUCING LIQUORS INTO INDIAN COUNTRY—POWER OF CONGRESS.
Congress has power to enact legislation requiring a territory to insert in its Constitution as a condition of admission to statehood a provision prohibiting the sale or manufacture of intoxicating liquors in Indian Territory, as well as the introduction of such liquors from other parts of the state into such territory.

[Ed. Note.—For other cases, see States, Cent. Dig. § 4; Dec. Dig. ⬤⇒9.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

2. CARRIERS ⬤⇒39—DUTY TO CARRY GOODS—LIQUORS—INDIAN TERRITORY.
Where a brewing company proffers intoxicating liquors to a railroad for carriage into Indian Territory, where the introduction of such liquors is prohibited by the state Constitution, the road's refusal to carry is justified.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 98; Dec. Dig. ⬤⇒39.]

3. EVIDENCE ⬤⇒7—JUDICIAL NOTICE—BEVERAGES—CHARACTER OF BEVERAGES.
Courts cannot take judicial notice whether a beverage going through a malting process, but containing no malt whatever, is or is not a malt liquor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 6; Dec. Dig. ⬤⇒7.]

4. EVIDENCE ⬤⇒7—JUDICIAL NOTICE—BEVERAGES—CHARACTER OF BEVERAGES.
Courts cannot take judicial notice whether a beverage containing less than one-third of 1 per cent. of alcohol is intoxicating.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 6; Dec. Dig. ⬤⇒7.]

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the Leisy Brewing Company against the Atchison, Topeka & Santa Fé Railway Company. From a decree sustaining defendant's motion to dismiss the complaint, plaintiff appeals. Reversed.

This is an appeal from a decree sustaining a motion to dismiss the complaint of the plaintiff, a brewing company, manufacturer of a certain beverage which it calls "Temp Brew." The complaint alleges that plaintiff tendered to the defendant railway company a car load of this brew for shipment over its line of railway from Kansas City, Mo., to points in that part of the state of Oklahoma which was formerly the Indian Territory, and also to the Indian country, and in the old Osage Nation; that it tendered the lawful charge therefor, but that the defendant refused and still refuses to receive and ship any of this brew over its line of railway from Kansas City to any points in the former Indian Territory or Indian country. It is further alleged that "Temp Brew" is a drink manufactured and sold extensively by the plaintiff in various parts of the United States; that a copyright for the exclusive use of the words "Temp Brew," designating it, has been granted by the United States government; that the plaintiff has complied with the Food and Drug Act of June 30, 1906, and all the rules and regulations promulgated thereunder by the proper officers; that it contains .30 of 1 per cent. alcohol; that although, in part. it passes through a malting process when being manu-

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

factured, yet it contains no malt, and is not a malt liquor or beer; that it is unfermented, and is not detrimental to the health; that it is incapable of producing intoxication when taken by any human being, infant, adult, white, or Indian; that the defendant refuses to carry it from points without the state of Oklahoma, as well as from points within the state of Oklahoma, into the former Indian Territory, Indian country, Indian reservations, and allotments to the Indians, the alienation of which is restricted, claiming that to carry it to those places would be in violation of the acts of Congress and the laws and regulations of the United States. The prayer of the petition is for a mandatory injunction.

The motion to dismiss is based upon the ground that the brew is within the provisions of the acts of Congress prohibiting the introduction of liquors into the former Indian Territory and Indian country.

· I. J. Ringolsky, of Kansas City, Mo. (Harry L. Jacobs, of Kansas City, Mo., E. E. Blake and A. T. Boys, both of Oklahoma City, Okl., and M. L. Friedman, of Kansas City, Mo., on the brief), for appellant.

Samuel W. Hayes, of Oklahoma City, Okl. (J. R. Cottingham, of Oklahoma City, Okl., on the brief), for appellee.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

TRIEBER, District Judge (after stating the facts as above). The statutes which are applicable to the issues involved are the Act of July 23, 1892, 27 Stat. 260, c. 234, amending section 2139, R. S., as again amended by the Act of March 1, 1895, c. 145, 28 Stat. 693, and the Act of January 30, 1897, 29 Stat. 506, c. 109 (Comp. St. 1913, § 4137). The Act of 1895 provides:

· "Sec. 8. That any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to any one, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years."

The Act of January 30, 1897, 29 Stat. 506, makes it an offense for any person—

"to sell, give away, dispose of, exchange or barter any malt, spirituous or vinous liquor, including beer, ale and wine, or any ardent or other intoxicating liquor of any kind whatsoever, or any essence, extract, bitters, preparation, compound, composition, or any article whatsoever, under any name, label or brand, which produces intoxication, to any Indian to whom allotment of land had been made while the title to the same shall be held in trust by the government."

It also prohibits the introduction of—

"any malt, spirituous, or vinous liquor, including beer, ale and wine, or any ardent or intoxicating liquor of any kind whatsoever into the Indian country, which term shall include any Indian allotment while the title to the same shall be held in trust by the government, or while the same shall remain inalienable by the allottee without the consent of the United States."

The Oklahoma Enabling Act of June 16, 1906, required the state of Oklahoma to insert in its Constitution a provision prohibiting the

sale or manufacture in the Indian Territory, as well as the introduction of such liquors from other parts of the state into that part which was the Indian Territory, and in pursuance of that section of the Enabling Act such a provision was made and is now a part of the Constitution of the state of Oklahoma.

[1, 2] That Congress has the power to enact such legislation is admitted by counsel for the plaintiff, as well as the fact that, if the beverage known as "Temp Brew" comes within any of the articles prohibited by these acts, the refusal of the defendant to carry it into the places to which plaintiff desired to have it carried, is justified. But the contention is that the article does not come within any of the prohibited drinks. The learned trial judge was of the opinion that the fact that the complaint did not disclose the ingredients of "Temp Brew" other than alcohol, and admitted that it passed through a malting process, brought it within the prohibited class.

Does the complaint show whether this beverage is a malt or fermented liquor or intoxicating drink of any kind whatsoever? If it is either of these, then the decree must be affirmed. The allegations in the bill are that it is neither, although it also alleges that it passes through a malting process when being manufactured, yet contains no malt; that it is unfermented, and contains but .30 of 1 per cent. of alcohol.

[3, 4] Courts cannot take judicial notice whether a beverage going through a malting process, but containing no malt whatever, is a malt liquor or not, nor whether a beverage containing less than one-third of 1 per cent. of alcohol is intoxicating. Learned counsel have cited numerous decisions of the courts defining what constitutes malt liquor, but an examination of these authorities shows that the courts differ very much, the decisions being anything but harmonious. This is convincing that only by proper proof can these facts be established.

We are therefore of the opinion that the motion to dismiss should have been overruled, and the defendant granted leave to answer and put these allegations in issue. As counsel for the defendant, at the hearing, assured us that the defense is made in good faith, for the purpose of carrying out the beneficent intention of Congress to protect the inhabitants of that section from the baneful effects of the use of liquor, which is the cause of more crime, misery, and poverty than any other article of consumption, we have no doubt that its answer will raise the issues necessary to enable the court to determine from the evidence adduced at the hearing, whether this beverage is within the provisions of the acts of Congress enacted for the laudable purpose of preventing drunkenness in that section of the state of Oklahoma and the direful consequences thereof.

The decree is reversed.